THOMAS WALKER, The (McCORKER v.). See Case No. 8,716

## Case No. 13,933.

### The THOMAS WATSON.

#### [Blatchf. Pr. Cas. 120.] [1]

District Court, S. D. New York. March, 1862.

PRIZE—EVIDENCE TO ESTABLISH—TIME GIVEN.

1. The libel charged that the vessel, while attempting to violate the blockade, was burned, and that part of her cargo was saved as prize, but no proof was given in support of the libel. The court allowed the libellants thirty days to produce evidence, failing which the libel to be dismissed.

2. Where the testimony of witnesses from the delinquent vessel is dispensed with, adequate proof must be supplied. aliunde. of the delictum charged, before a condemnation will be awarded.

In admiralty.

BETTS, District Judge. In this case a parcel of merchandise of small value is libelled as prize on the allegation that it was part of the cargo of the ship Thomas Watson. which, in attempting to violate the blockade of the insurgent states. was run on shore, set fire to, and burned, and that this portion of the cargo was taken from the said ship by the naval forces of the United States, and sent to this port in the United States ship Vandalia, for adjudication. It was here libelled by the United States for forfeiture, and arrested by the marshal, under process therein, as prize of war. The property is still held by the marshal on that arrest, and due return is made by him of the seizure, and of public notice. thereof. No claim or intervention is made in court for the property, and no proofs are given supporting the charges of the libel. Although, in cases of absolute necessity, proceedings. in prize may be prosecuted to effect without the observance of the formalities required by the prize rules, and the attendance and testimony of witnesses from the delinquent ship may be dispensed with, yet adequate

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Samuel Blatchford, Esq.]

proof must be supplied, aliunde, of the delictum charged, to enable the court to sustain the accusation. Jecker v. Montgomery, 13 How. [54 U. S.] 198, and 18 How. [59 U. S.] 110. There is no legal proof that the lost vessel committed the offence alleged, or that this parcel of goods was part of her cargo. There is, therefore, no foundation laid for the exercise of prize jurisdiction over it.

The libellants will be allowed a reasonable time to furnish evidence of these facts, and, if they fail to produce such within thirty days from the entry of this order, the suit will be dismissed as not brought within the cognizance of the court. Order accordingly.